UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DANNY EUGENE MCDOWELL** Plaintiff, v. **PLYMOUTH TOWNSHIP POLICE DEPARTMENT, et al.,** Defendants. | **2:24-CV-11029-TGB-APP** HON. TERRENCE G. BERG **ORDER HOLDING COMPLAINT IN ABEYANCE, GRANTING MOTION TO SET ASIDE DEPOSITS (ECF NO. 3), DENYING REMAINING MOTIONS (ECF NOS. 4–8), AND ADMINISTRATIVELY CLOSING CASE** |

Danny Eugene McDowell, an individual without an attorney and inmate at the Wayne County Jail in Detroit, Michigan, presents a civil rights complaint under 42 U.S.C. § 1983. McDowell's motion requesting future account deposits set aside is **GRANTED**. McDowell's remaining motions are **DENIED**. This matter will be **STAYED**, the complaint **HELD IN ABEYANCE**, and the case **ADMINISTRATIVELY CLOSED**.

## I. BACKGROUND

On July 13, 2023, Plymouth Township police officers were dispatched to McDowell and his then-girlfriend's apartment. ECF No. 1, PageID.19. At the scene, McDowell was charged with assault and battery, although he alludes to other charges added later; the pending

1

state charges include assault with intent to commit murder, torture, first and third-degree criminal sexual conduct, assault with intent to do great bodily harm, and domestic violence.[1] McDowell acknowledges he is awaiting trial in the Wayne County Circuit Court. *Id.* at PageID.36.

McDowell alleges that—after being handcuffed outside and informed that he was being detained—police illegally searched him, despite McDowell's assertion to officers "that he was not under arrest." Nevertheless, despite McDowell's "standing objection," police seized several of Plaintiff's effects from his person before placing him in the back seat of a patrol vehicle. *Id.* at PageID.20–21 McDowell also claims that, concurrently, other members of law enforcement illegally seized his Black Samsung cell phone located inside the apartment. *Id.* at PageID.23.

Later that day, a police detective obtained a search warrant McDowell alleges was invalid because the affidavit allegedly contained false and inaccurate information. *See id.* at PageID.24–25, 39. McDowell further claims that the next day, July 14, 2023, the same detective obtained another search warrant to seize two other cell phones in

---

[1] https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=4028720.  Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n.1 (E.D. Mich. 2014). A federal district court is also permitted to take judicial notice of another court's website. *See, e.g., Graham v. Smith*, 292 F. Supp. 2d 153, 155, n.2 (D. Me. 2003).

McDowell's possession. McDowell alleges that the second search warrant is also invalid because no affidavit was attached to the warrant request. *Id.* at PageID.24–28, 38–43.

Next, McDowell claims that—on August 4, 2023—while awaiting transport back to the Wayne County Jail following a court appearance in the 35th District Court, a struggle ensued between himself and four law enforcement officials. *Id.* at PageID.31. During the struggle, McDowell's legal papers were confiscated. *Id.* McDowell did not get the documents back until later in the evening, "in a marked evidence bag." *Id.* at PageID.32. McDowell alleges that the legal paperwork contained sensitive information concerning proposed trial strategies protected by the attorney-client privilege. *Id.* McDowell speculates that Defendants may have seized his legal paperwork to learn the defense's strategy and convey that information to the prosecutor. *Id.* McDowell brought this to the attention of the district court judge in the Plymouth 35th District Court at his preliminary examination on September 22, 2023. *Id.* at PageID.47–50.

For these alleged constitutional violations, McDowell seeks injunctive, declaratory, and monetary relief. *See id.* at PageID.22– 23.

## II. DISCUSSION

### A.   McDowell's Motion to Set Aside Future Account Deposits is GRANTED

Under the Prison Litigation Reform Act ("PLRA"), inmates may bring a civil action in forma pauperis ("IFP"), provided they file an affidavit of indigency along with a certified copy of their trust fund account statement for the six months immediately preceding the complaint filing. *See* 28 U.S.C. § 1915(a).

McDowell's application lacks the requisite certified account statement. *See* 28 U.S.C. § 1915(a)(2). Aware of this deficiency, McDowell asserts an inability to obtain the documentation from jail officials—despite multiple requests made and grievances filed on his part. ECF No. 2, PageID.64; *see also* ECF No. 3. As a result, McDowell seeks to compel his jail custodian to set aside twenty percent of future account deposits. *See* 28 U.S.C. § 1915(b)(2).

Federal district courts have discretion when granting or denying in forma pauperis applications. *See Good v. Walworth*, No. 17-10140, 2022 WL 20152400, at *1 (E.D. Mich. July 7, 2022) (citing *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988)). In such cases, an IFP application should only be granted if accompanied by a certified account statement. McDowell alleges that he has made diligent, unsuccessful efforts to obtain his account statement. ECF No. 2, PageID.64.

4

Given these concerted efforts, the Court will allow McDowell to file this complaint in forma pauperis without paying the initial partial filing fee. *See McDowell v. Washington*, No. 2:24-CV-10382, 2024 WL 1200947, at *1 (E.D. Mich. Mar. 20, 2024).

Therefore, **IT IS ORDERED** that McDowell's motion to order custodians to set aside twenty percent of all future deposits to McDowell's account is **GRANTED**. McDowell will proceed in forma pauperis.

The Court typically assesses and, provided funds exist, then collects an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to McDowell's account or (2) the average monthly balance in McDowell's account over the preceding six months. Here, the initial partial filing fee has not been paid. However, beginning in July 2024, if funds exist, McDowell must make monthly payments— twenty percent of the preceding month's income credited to his account, until the filing fee has been paid. 28 U.S.C. § 1915(b)(2).

The Court further **ORDERS** McDowell's custodial agency, in subsequent months, or from time to time, to forward payments of twenty percent of the preceding month's income credited to McDowell's account to the Clerk of this Court until McDowell has paid the entire filing fee.

**B.    McDowell's Motions to Order Defendants to Provide a Certified Trust Fund Account Statement and Grievances are DENIED AS MOOT**

McDowell requests the Court order Defendants to provide him with a certified trust account statement and a motion for the Defendants to provide him with his grievances. These motions deal mainly with McDowell's status as a pauper. The Court will deny the motions as unnecessary and moot because in forma pauperis status has been granted to McDowell. *Ewing v. Wayne Cnty. Sheriff*, No. 2:22-CV-11453, 2023 WL 2667732, at *3 (E.D. Mich. Mar. 28, 2023).

**C.    McDowell's Motion for Appointment of Counsel is DENIED**

The Court denies McDowell's motion for the appointment of counsel. Although there is a fundamental constitutional right to counsel in criminal cases, no such right exists in civil cases. *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995). Nor is there any statutory right to appointed counsel in a federal civil rights case. *See Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996). The motion is denied without prejudice; McDowell may renew the motion if the case is reopened.

**D.    McDowell's Motions for Discovery and Directed Service are DENIED**

McDowell has filed motions for discovery and to direct service of the complaint. Yet, as discussed below, the Court will hold his complaint in abeyance and administratively close this case. These motions are,

6

therefore, premature. *See Donaldson v. Lyon*, No. 20-2006, 2024 WL 1637358, at *1 (6th Cir. Feb. 9, 2024)(district court denied discovery motion when holding complaint in abeyance); *Laymance v. Shourd*, No. 4:17-CV-303-DPM, 2017 WL 3671516, at *1 (E.D. Ark. Aug. 24, 2017)(denying without prejudice motion to direct service when holding complaint in abeyance). Therefore, the motions are denied without prejudice. If the case is reopened, McDowell may seek their renewal.

### III. Plaintiff's § 1983 Action

**A.   Legal Standard**

The Court allows McDowell to proceed without prepayment of fees. *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *disapproved of by Newlin v. Helman*, 123 F.3d 429 (7th Cir. 1997). Even so, Section § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
>
> > (i) is frivolous or malicious;
> >
> > (ii) fails to state a claim on which relief may be granted; or
> >
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is "frivolous" if lacking an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). If, when filed, a complaint lacks any arguable basis, then sua sponte dismissal is appropriate. *McGore*, 114 F.3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Put differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under § 1983, a plaintiff must establish: (1) the defendant acted under color of state law, and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail. *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

**B.   Analysis**

McDowell challenges the legality of the searches and seizures in his pending prosecution and the confiscation of his legal documents. The Court will abstain from enjoining a pending state court prosecution.

In *Younger v. Harris,* 401 U.S. 37, 45 (1971), the United States Supreme Court held that federal courts should not enjoin pending state criminal proceedings except in "very unusual circumstance[s]" where an injunction is necessary to prevent "both great and immediate" irreparable injury. The cost, anxiety, and inconvenience of a defendant defending against a single criminal prosecution cannot alone be considered an irreparable injury. The threat to a state criminal defendant's federally protected rights must be one that "cannot be eliminated by his defense against a single criminal prosecution." *Id.* at 46.

The holding in *Younger* was based on principles of equity and upon the "more vital consideration" of the principles of comity and federalism. *Younger,* 401 U.S. at 44. Thus, when a criminal defendant seeks to enjoin ongoing state court proceedings, whether criminal, civil, or administrative, federal courts should not exercise jurisdiction but should generally dismiss the case. *Kish v. Michigan State Bd. of L. Examiners*, 999 F. Supp. 958, 965 (E.D. Mich. 1998)(internal citations omitted).

10

A federal court employs three factors when determining whether the *Younger* abstention doctrine should apply:

> 1. there must be pending or ongoing state judicial proceedings;
>
> 2. these proceedings must implicate important state interests; and,
>
> 3. there must be an adequate opportunity in the state proceedings to raise constitutional challenges.

*Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 102 S. Ct. 2515 (1982); *GTE Mobilnet of Ohio v. Johnson*, 111 F.3d 469, 481 (6th Cir. 1997).

The Court will abstain from issuing injunctive relief on McDowell's pending criminal charges. If McDowell is convicted, he would still need to exhaust his available state court appellate remedies with the Michigan Court of Appeals and the Michigan Supreme Court before seeking federal relief. For *Younger* purposes, a state's trial and appellate processes are treated as a unitary system. "[T]erminating the state judicial process prematurely" by foregoing state appeals to, instead, attack the state trial court's judgment in federal court is prohibited. *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 369 (1989). Under the *Younger* doctrine, a prerequisite is that a party—before contesting the judgment of a state judicial tribunal in federal court—must exhaust his or her state appellate remedies before seeking relief in the district

11

court. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975). For *Younger* purposes, a state criminal prosecution is considered pending in the state courts if—at the time a federal complaint is filed—state appellate remedies have not been exhausted. *See Tesmer v. Granholm*, 114 F. Supp. 2d 603, 612 (E.D. Mich. 2000)(citing *Mounkes v. Conklin*, 922 F. Supp. 1501, 1511 (D. Kan. 1996)).

 "[T]here is no question that an ongoing prosecution implicates important state interests." *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988); *see also Hansel v. Town Court for Town of Springfield, N.Y.,* 56 F. 3d 391, 393 (2d Cir. 1995)("[I]t is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one").

Moreover, federal courts are to presume that state courts can protect the interests of a federal plaintiff. *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995). McDowell has opportunities to challenge the constitutionality of pending criminal charges or convictions in the state courts. Accordingly, *Younger* doctrine applies to McDowell's claims related to his pending state criminal prosecution.

McDowell's Fourth Amendment claims fall under *Younger*. *See Feaster v. Miksch*, 846 F.2d 21, 22–24 (6th Cir. 1988) (criminal defendant's § 1983 action against police required *Younger* abstention, disposition would involve ruling on the validity of search warrant at issue in pending state criminal proceeding). *Younger* covers McDowell's claim

that the police wrongfully seized his privileged legal documents. *See Leatherwood v. Whetsel*, 537 F. App'x 794, 795 (10th Cir. 2013) (*Younger* abstention warranted where state inmate alleged that constitutional violations after jail officials opened non-legal, non-privileged mail and delivered it to district attorney).

Where a plaintiff requests monetary damages, *Younger* abstention applies. *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998)(holding, "[plaintiff's] present federal action for damages under 42 U.S.C. § 1983 and the Fair Housing Act is a textbook case for *Younger* abstention"); *Schilling*, 58 F.3d at 1084 ("[O]ur Circuit has recognized that the relevant inquiry when considering abstaining under *Younger* is the nature and degree of the state's interest in its judicial proceedings, rather than whether a party is seeking injunctive relief or monetary damages."). Thus, *Younger* abstention is warranted regarding McDowell's request for monetary damages arising from his arrest and prosecution. And insofar as McDowell seeks declaratory relief, *Younger* abstention is likewise justified. *Samuels v. Mackell*, 91 S. Ct. 764 (1971); *Younger*, 401 U.S. at 41, n.2. Thus, McDowell is entitled to neither monetary nor declaratory relief.

A district court abstaining under *Younger* may dismiss the case without prejudice or hold the case in abeyance. See *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006). In exercising this discretion, a district court should look at the nature of the state proceedings and determine

13

whether the litigant can adequately address their federal claim on the merits in the state court proceeding. *Id.* A district court should consider whether there may be any statute of limitations issues—should the case be dismissed and the limitations clock continues to run. *Id.*

Where *Younger* abstention is appropriate, a district court must stay a complaint seeking monetary damages rather than dismiss the case. *Carroll*, 139 F.3d at 1076; *see also James v. Hampton*, 513 F. App'x 471, 478 (6th Cir. 2013). The Court will, therefore, stay the proceedings and hold the complaint in abeyance according to the conditions listed below.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Court abstains from exercising jurisdiction and **STAYS** this case pending the conclusion of the state court proceedings.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or the related docket entry shall be considered a dismissal or disposition of this matter. *See, e.g., Simmons v. City of Warren*, No. 19-11531, 2020 WL 6866631, at *2 (E.D. Mich. Nov. 20, 2020); *Torres v. Gaines*, 130 F. Supp. 3d 630, 637 (D. Conn. 2015).

**IT IS FURTHER ORDERED** that, if McDowell seeks to reopen this case, McDowell shall move to reopen it within 45 days of the conclusion of final state court criminal proceedings.

14

**IT IS FURTHER ORDERED** that upon receipt of a motion to reopen the case, the Court will order the Clerk to reopen it for statistical purposes.

**IT IS FURTHER ORDERED** that the motion to order custodians to set aside twenty percent of all future deposits to McDowell's account (ECF No. 3) is **GRANTED.**

**IT IS FURTHER ORDERED** that the remaining motions (ECF Nos. 4, 5, 6, 7, 8) are **DENIED.**

**SO ORDERED.**

Dated: May 30, 2024          s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE

15